**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GARY L. SWEARINGEN,

        Plaintiff,

vs.                                               Case No. 3:17-cv-1242-J-32PDB

AT&T MOBILITY, LLC,

        Defendant.

## ORDER

Plaintiff Gary L. Swearingen is suing his former employer, AT&T Mobility, LLC ("AT&T"), for alleged violations of the Age Discrimination in Employment Act ("ADEA") (Count I) and the Florida Civil Rights Act of 1992 (Count II). AT&T moves to dismiss Count I on the grounds that Swearingen filed his charge with the Equal Employment Opportunity Commission too late and that he therefore failed to timely exhaust administrative remedies under the ADEA. See Doc. 8. Swearingen says the doctrine of equitable tolling served to stop the clock, and that Count I should proceed, at least until the parties can engage in discovery designed to develop the record about the events plaintiff says prevented him from timely filing his EEOC charge. See Doc. 11.

In reviewing a complaint on a motion to dismiss for failure to state a claim, the Court "accept[s] all allegations in the complaint as true and constru[es] facts in the light most favorable to the plaintiff." Villarreal v. R.J. Reynolds Tobacco Co., 839 F.3d 958, 962 (11th Cir. 2016) (quotations and citations omitted). The Court's review of Swearingen's complaint includes review of documents attached to it, which are considered part of the pleadings for

all purposes, including ruling on a Rule 12(b)(6) motion to dismiss. Arthur v. Thomas, 674 F.3d 1257, 1265 (11th Cir. 2012) (citations omitted). Swearingen attached to his complaint the EEOC Dismissal and Notice of Rights, which states on its face that his charge was untimely. See Doc. 1, Ex. A. Although a plaintiff is generally not required to plead allegations about equitable tolling in his complaint, Villarreal, 839 F.3d at 971, having included documentation that his EEOC charge was untimely, and in the face of a motion to dismiss on grounds that he failed to timely exhaust his administrative remedies, it is now incumbent upon Swearingen to plead facts which, if proven true, would support a finding of equitable tolling. The Court will therefore grant AT&T's motion to dismiss without prejudice to Swearingen filing an amended complaint.

In the course of amending his complaint, Swearingen is also directed to consider whether he wishes to amend Count II, which Swearingen alleges could stand alone based on the Court's diversity jurisdiction. See Doc. 1 at ¶ 6. The Court is not satisfied that Swearingen has pled adequate allegations about the amount in controversy to exercise diversity jurisdiction; thus, if Count I is ultimately dismissed, Count II may be subject to dismissal as well. Further, in the event the Court must consider exercising diversity jurisdiction, the allegations regarding AT&T's citizenship are inadequate (and are not cured by the parties' certificates of interested persons and corporate disclosure statements (Docs. 9 & 13)). See Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC, 374 F.3d 1020, 1021-22 (11th Cir. 2004) (holding that the citizenship of limited liability companies depends on the citizenship of each member of the LLC).

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 8) is **granted** to the extent that plaintiff's complaint is **dismissed without prejudice** to filing an amended complaint. Plaintiff's amended complaint shall be filed no later than **February 23, 2018**. Defendant's responsive pleading shall be filed no later than **March 19, 2018**.

2. No later than **February 15, 2018**, defendant shall file an amended certificate of interested parties that includes the name and citizenship of each member of AT&T Mobility, LLC (which information plaintiff can then include in his amended complaint).

3. Once the pleadings are settled, the Court will issue a Case Management and Scheduling Order.

**DONE AND ORDERED** at Jacksonville, Florida this 30th day of January, 2018.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record