**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GARY L. SWEARINGEN,

        Plaintiff,

vs.                                           Case No. 3:17-cv-1242-J-32PDB

AT&T MOBILITY, LLC,

        Defendant.

_____

**ORDER**

In response to the Court's February 6, 2018 Order (Doc. 18) inquiring further about the members of defendant AT&T Mobility, LLC, defendant filed a second amended certificate of interested persons and corporate disclosure statement stating who its members are and what their citizenship is. Doc. 19. As it turns out, two of those members (SBC Long Distance, LLC and SBC Tower Holdings, LLC) are themselves limited liability companies whose members (and their citizenship) is not in the record. Defendant must therefore file a <u>third</u> amended certificate of interested persons and corporate disclosure statement that includes the name and citizenship of each member of SBC Long Distance, LLC and SBC Tower Holdings, LLC (and, as should be clear by now, to the extent any of their members are limited liability companies, the members and the citizenship of those entities must be included as well).[1] Defendant shall file the third amended certificate no later than **February**

---

[1] "[C]arefully ascertaining the citizenship of [ ] parties and whether the Court has subject matter jurisdiction . . . is more than just an academic exercise." <u>Lear v. Astrazeneca Pharm., LP</u>, No. 3:17-cv-240-J-34MCR (M.D.Fla. Mar. 28, 2017) (Doc. 5) (citing <u>Thermostat Corp. v. Bldg. Materials Corp. of Am.</u>, 849 F.3d 1313 (11th Cir. 2017), where the Eleventh Circuit

**15, 2018**.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of February, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record

---

vacated a summary judgment order after three years of litigation because the pleadings below had not sufficiently alleged the citizenship of an LLC defendant, one of whose members was not diverse; and Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218 (11th Cir. 2017), where the Eleventh Circuit discussed the "colossal waste of time and effort" caused by litigating a case with what turned out to be a non-diverse member of an LLC which was itself a member of an LLC).